**BROWN, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4184. Decided October 28, 1948.

R. N. Larrimer. Robert E. Hall, Columbus, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Genl., R. Brooke Alloway and V. A. Ketchem, Jr., Asst. Attys. Genl., Columbus, for defendant-appellee.

**OPINION**

By MILLER, J.

This appeal arises out of a claim filed with the Industrial Commission of Ohio, under the provisions of the Workmen's

Compensation Law. The same was disallowed and upon appeal to the Court of Common Pleas, at the conclusion of all the evidence the defendant-appellee moved for a directed verdict, which motion was sustained.

The errors assigned are:

1. The Court of Common Pleas erred in sustaining defendant's motion for a directed verdict at the close of all the evidence.

2. The verdict of the jury is contrary to law and against the manifest weight of the evidence.

The facts material to the issues herein presented disclose that the plaintiff-appellant, Ben Brown, was employed by the Schiff Company as a sealer, that his duties consisted of sealing up the ends of cartons of shoes after they had been filled with shoes by other fellow employees. Brown worked by himself, although in the room with him were other employees. At about 2:30 P. M. on the date of the injury Brown observed two boys who were packers using old shoe boxes about to fall apart; that since these damaged boxes make considerably more work in the process of the sealing, Brown remarked, "Who done that packing, those boxes are broken"? Hearing no answer to his inquiry he again asked concerning the packing whereupon one of the packers by the name of Baker answered and called Brown some vile names. Baker was one of the packers who had used one of the broken boxes. For the following fifteen minutes Baker continued his profanity and vile name calling towards Brown. Baker taunted Brown and told him he was too yellow to take off his glasses. Brown took off his glasses and advanced towards Baker who made a pass at him with his fist and missed him. Immediately thereafter they clinched, both parties falling to the floor where they remained for about two minutes. When both parties got up, Baker pulled a knife and Brown started circling around to keep away from him. Baker then chased Brown who ran out of the building and then returned some five minutes later. Upon his return to the building Baker ran up to him and hit him over the head with a piece of pipe which resulted in the injuries complained of.

The defendant's motion for a directed verdict was based upon the premise that the plaintiff had offered no evidence tending to show a causal connection between the injury and the employment. The trial court found that an altercation ensued

between Brown and Baker, which arose out of the work being done for the employer, but that this altercation had ended some five minutes prior to the injury complained of and therefore there was no causal connection between the employment and the injury. This is an essential requirement in order to entitle the plaintiff to compensation under the Workmen's Compensation Law of Ohio. **Industrial Com. v. Weigandt, 102 Oh St 1.** We are in accord with these conclusions of the trial court. The appellant is in agreement with the finding that there was sufficient evidence to submit to the jury concerning the connection of the employment with the first altercation, but is contending that the Court erred in finding as a matter of law that the first altercation had ended some five minutes previous to the injury. He is contending that the quarrel between Brown and Baker from its inception to its termination was one continuous transaction. Brown himself testified that after he left the building it was five minutes before he saw Baker again. The trial court relied strongly on the case of **Williams v. Industrial Commission, 63 Oh Ap 66.** We think the facts are almost parallel to those in the case at bar. In the Williams case Dunbar was putting wax on a ball room floor when Williams came in and snatched the can out of his hand, stating that he had previously waxed the floor himself. Some heated words ensued. They then walked out into the hall together where the argument was renewed resulting in a fight and the injury. At page 70, Lloyd, J., said:

"Reverting to the evidence it clearly shows that the fisticuff match started in jest and ended in earnest and that it was instigated and commenced by Williams and that the cause of Williams' injury, which resulted in his death, was entirely outside of and disconnected from the business in which he was employed.

"Under the authority of **Industrial Commission v. Weigandt, 102 Oh St, 1,** 130 N. E. 38; **Industrial Commission v. Bankes, 127 Oh St, 517,** 189 N. E. 437, and **Highway Oil Co. v. State, ex rel. Bricker, 130 Oh St, 175,** 198 N. E. 276, it is conclusively clear that the trial court should have directed a verdict for the appellant Industrial Commission. Failing to do so, it should have granted the motion of appellant for a judgment notwithstanding the verdict."

The trial court also relied on the case of Martin v. Sheffield Steel & Iron Co., an Alabama case, reported in 114 So 578, which we also think is similar to the case at bar. In this case there was a quarrel between two employees which started over the work in which they were engaged. Shortly thereafter during a rest period the argument was renewed at which time the fatal injury was received. The Court held that the injured employee was not entitled to compensation in view of the Workmen's Compensation Act excluding liability when injury is inflicted by fellow workman for reasons personal to him and not relating to his employment.

Counsel for the appellant have cited a number of cases from Ohio and other jurisdictions which are of little value to us as not being based on facts similar to the case at bar. It is our conclusion that the cessation of hostilities broke the causal connection existing at the time of the original encounter and that there was no causal connection between the employment and the injury at the time it was received. We find no merit to any of the other errors assigned, and the judgment is affirmed.

WISEMAN, PJ, concurs.

By HORNBECK, J.

I believe there was a factual issue whether the second encounter was but a continuation of the first.

I concur in the judgment.