This is an appeal from the denial of an injunction seeking to bar attorney Fred Gray from appearing as co-counsel for one of the defendants in this wrongful death action
The facts giving rise to this action show that George Lowe, fourteen years of age, was struck in the head with a metal chair leg by a schoolmate, Charlie Graves, while the two were riding the bus home from school. Lowe died three days later after the alleged failure to diagnose and treat a fractured skull and epidural hematoma by physicians at John A. Andrew Memorial Hospital on two occasions, and by Dr. Hodge Eagleson, Jr., at his private office on another occasion
As a result of Lowe's death, Charlie Graves was charged with manslaughter and tried in juvenile proceedings. Graves was represented in those juvenile proceedings by court-appointed counsel, Ernestine Sapp, who was, and has been at all times relevant to these proceedings, an associate in the law practice with Gray
Subsequently, this wrongful death action was filed against Graves, several physicians, the hospital, and others. As the result of pro tanto settlements and dismissals, only Graves, Dr. Eagleson, and one other physician remain as defendants
Gray initially appeared as counsel for the hospital in the civil suit, but soon thereafter withdrew this representation He later appeared as co-counsel for Dr. Eagleson
Graves was represented throughout the civil litigation by appointed counsel, Allan Nathanson, who at no time objected to Gray's appearance. In fact, when the matter was discussed before the trial judge in open court, Nathanson specifically stated that he intended to make no objection to Gray's representation of Dr. Eagleson *Page 653 
Appellant, nevertheless, petitioned the trial court for an injunction barring Gray from representing Dr. Eagleson because Gray's associate, Sapp, had previously represented Graves in the juvenile proceedings. Injunctive relief was denied and this appeal from the judgment entered thereon ensued
Here, appellant maintains that Gray's participation in this litigation violates DR 5-101 (C), Alabama Code of Professional Responsibility, which deals with conflict of interest arising out of prior representation of an adverse party or adverse interest, and extends to partners or associates by virtue of DR 5-101 (D). Appellant also contends that Gray's appearance on behalf of Dr. Eagleson breaches the confidentiality rules governing juvenile proceedings embodied in Code 1975, §§ 12-15-65, -100 and -101, and Rule 19, A.R.J.P. Additionally, it is argued that Gray's representation will reveal communications privileged by the attorney-client relationship
Finally, appellant urges a decision preventing Gray's representation of Eagleson, as a matter of policy, because Gray has access to information which would result in an inherently unfair trial and would present to the public the appearance of impropriety in judicial proceedings
Before proceeding to counter each of appellant's contentions, appellees assert that this appeal should be dismissed because appellant had no standing to seek the injunction. Only Graves, appellees contend, has standing to object to Gray's representation of Dr. Eagleson, and neither he nor his counsel has chosen to do so
The question of standing is dispositive of this appeal and therefore we affirm the action of the trial court in denying injunctive relief. "The principle seems to be fully established that only a party who sustains the relation of a client to an attorney, who undertakes to represent conflicting interests, may be entitled to object to such representation for that reason alone." Riley v. Bradley, 252 Ala. 282, 41 So.2d 641
(1948)
This proposition was also addressed by the Fifth Circuit inIn re Yarn Processing Patent Validity Litigation, 530 F.2d 83
(5th Cir. 1976):
 As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification E.F. Hutton Co. v. Brown, 305 F. Supp. 371, 377
(S.D.Tex. 1969); Murchison v. Kirby, 201 F. Supp. 122
(S.D.N.Y. 1961); Davis v. Poelman, 178 So.2d 306, 311
(La.App. 1965); Almon v. American Carloading Corp., 312 Ill. App. 225, 38 N.E.2d 362, 364-65 (1941), rev'd on other grounds, 380 Ill. 524, 44 N.E.2d 592 (1942); Ferguson v. Alexander, 122 S.W.2d 1079, 1081
(Tex.Civ.App. 1938); and Richardson v. Hamilton International Corp., 333 F. Supp. 1049, 1054-55
(E.D.Pa. 1971), aff'd 469 F.2d 1382 (3d Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973). . .
. . .
 . . . The underlying rules relating to attorney conflicts of interest are designed to allay any apprehension a client may have in frank discussion of confidential information with his attorney. Public confidence in the privacy of this discussion should not be impaired where the former client, having every opportunity to do so, fails to object to a new relationship involving his former attorney, and where the unethical nature of the attorney's change of sides is not manifest but would need to be shown
 To allow an unauthorized surrogate to champion the rights of the former client would allow that surrogate to use the conflict rules for his own purposes where a genuine conflict might not really exist. It would place in the hands of the unauthorized surrogate powerful presumptions which are inappropriate in his hands. Courts do not generally examine the motives of a moving party in a disqualification motion. Once the preliminary showing is made by the former client, the motion must be granted regardless of whether the former client gains an advantage at the expense of his adversary. . . *Page 654 
We are reluctant to extend this where the party receiving such an advantage has no right of his own which is invaded
As appellant has asserted no former or present attorney-client relationship with Gray, she is without standing to seek injunctive relief barring Gray's representation of Dr Eagleson. Accordingly, the judgment below regarding the matter here being considered is due to be and is hereby affirmed
AFFIRMED
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur