This is a child custody modification case.
Mrs. Hall, the mother of the child, was originally granted custody of the daughter by means of an uncontested divorce judgment of August 16, 1979. In October, 1981, the father, Mr. Hall, filed his petition seeking a modification of child custody. After an ore tenus contested evidentiary hearing, the trial court changed custody from the mother to the father by its judgment of November 13, 1981. Upon her two post-trial motions being overruled, Mrs. Hall took two appeals, which were here consolidated. She now raises two issues. We affirm.
 In Case Number Civil 3175
She first states that the judgment should be reversed because Mr. Hall's attorney in the present modification proceedings had a conflict of interest since he had initially represented her as to the original divorce two years previously.
The record does not reveal that any information which Mrs. Hall may have imparted to the attorney in 1979 was utilized in any manner as to the matters raised in the 1981 petition to change custody. The evidence *Page 1271 
at the modification hearing concerned circumstances and facts which arose after the divorce. It does not appear that Mrs. Hall either actually or probably suffered any injury or disadvantage which arose out of any alleged conflict of interest.
Additionally, this question was not presented to the trial court until after the trial, after the judgment had been rendered and after the first of Mrs. Hall's motions to reconsider had been overruled. Mrs. Hall had previously informed her two prior attorneys in the current proceedings of the fact that Mr. Hall's attorney had originally represented her in the uncontested divorce action. A party, who has knowledge of facts, cannot normally withhold from a court his objections based upon such information, and thereby gamble upon the final results of the litigation, and, upon an adverse judgment, successfully raise such an issue for the first time through a post-judgment motion.
While we find no Alabama case in point, the following is deemed to be a correct statement of applicable law:
 The right of a former client to object to his attorney's subsequent representation of an adverse interest may be expressly or tacitly waived. The right of a former client to urge disqualification of an opposing counsel may be waived by the former client's failure to raise the issue early in the proceedings.
7 Am.Jur.2d, Attorneys at Law § 187, p. 239.
Hence, Mrs. Hall waived any right to object which she might have originally possessed by her inaction in not timely raising the issue. The trial court did not err in overruling her second motion for a rehearing which raised this matter for the first time.
For the foregoing reasons it is not essential that we determine whether a conflict of interest actually existed in this case.
 In Case Number Civil 3115
Mrs. Hall next contends that the evidence was insufficient to prove such a change of circumstances that it was to the best interest of the child that her ex-husband be awarded custody.
The parties, attorneys and the learned trial court, of necessity, were fully cognizant of the facts upon which that court based its determination to change custody of the child. The record has been studied by this court and we are now likewise so informed, for those facts are readily apparent from the trial transcript. However, we perceive no valid reason to permanently publish even a summary thereof. It suffices to state that the evidence plainly and adequately supported the conclusion of the trial court to presently award the custody of the child to Mr. Hall. Where the trial court has orally heard the evidence in child custody modification proceedings, there is a strong presumption in favor of its decision, if there is credible supportive evidence, and the judgment of the trial court will not be reversed on appeal unless it is clearly and palpably wrong. Taylor v. Taylor, 359 So.2d 395 (Ala.Civ.App. 1978). The trial court was not palpably wrong. Accordingly, we are required to affirm.
The appeals in both cases are affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of this court.
BOTH CASES AFFIRMED.
All the Judges concur. *Page 1272