ROBERTSON, Presiding Judge.
This is an appeal from the denial of a Rule 60(b)(6), Alabama Rules of Civil Procedure, motion. The parties were divorced on May 3, 1989, litigated custody of the parties’ minor child in juvenile court in September 1989, and following an ore tenus proceeding in February 1991, an appeal from the trial court’s judgment was taken to this court. See Stewart v. Kelley, 587 So.2d 384 (Ala.Civ. App.1991).
On May 4, 1992, the husband filed a Rule 60(b)(6) motion, seeking to have the original divorce judgment set aside and held for naught “due to the fact that the [husband] was represented by an attorney who had a conflict of interest, and this conflict of interest was not made known to the [husband], as [husband’s] attorney had forgotten the facts which gave rise to the existence of the conflict of interest_” Specifically, the husband alleged that the parties had been involved in a divorce proceeding in 1983, wherein the husband’s attorney in the 1989 action had represented the wife in the 1983 action. Following a hearing on June 9, 1992, the trial court denied the requested Rule 60(b)(6) relief.
The record contains only the pleadings, and there is no court reporter’s transcript or an evidentiary statement pursuant to Rule 10, Alabama Rules of Appellate Procedure.
This court’s review of the denial of a Rule 60(b)(6) motion is limited to whether the trial court committed an abuse of discretion. Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala. 1981). “Relief is justified under a Rule 60(b)(6) motion when a party is able to show exceptional circumstances sufficient to entitle him to relief.” Hartford at 936.
The wife contends in brief that there were no exceptional circumstances in this case to justify setting aside the judgment of divorce, that any information imparted to the attorney in 1983 was not utilized in the 1989 divorce proceeding, and that, in fact, it was clear that no such information could possibly have been used because, as the husband alleged, the “attorney had forgotten the facts.”
The wife further contends that the right to object to representation in contravention of DR 5-101(C), Code of Professional Responsibility, belongs to the former client, in this case, the wife. The wife cites Lowe v. Graves, 404 So.2d 652, 653 (Ala.1981), which states that, “[a]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.” (Citations omitted.)
*455 In view of the above, we cannot find an abuse of discretion, and the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.