JONES et al., Appellees,

v.

AMERICAN EMPLOYERS INSURANCE COMPANY, Appellant, et al.

[Cite as *Jones v. Am. Emp. Ins. Co.* (1995), 106 Ohio App.3d 636.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940939.

Decided Sept. 29, 1995.

*Berlon & Timmel* and *Lisa A. Love,* for appellees Louis Wetherill and Cincinnati Insurance Company.

*McIntosh, McIntosh & Knabe* and *Arthur T. Knabe,* for appellees Clair Jones and American States Insurance Company.

*Thompson, Hine & Flory, Christopher M. Bechhold* and *Vicki L. Christian,* for appellant American Employers Insurance Company.

PAINTER, Judge.

## I. Facts

On December 5, 1990, Clair Jones and Louis Wetherill, officers in the company Hydrotech, Inc. ("Hydrotech"), had dinner and drinks with two employees at the Kenwood Country Club ("the club") in order to get better acquainted with a new

employee, Jack Droder. After dinner and as the group was leaving the premises, Jones and Wetherill engaged in fisticuffs. Jones and Wetherill were separated by their two employees, and they left the club. A waiter at the club, John Michael Smith, was allegedly injured while assisting in breaking up the fight.

Smith brought an action against Jones and Wetherill seeking damages. That case, however, was a separate proceeding and could only be described as the proximate cause of the sound and fury occasioned in this proceeding. In this case, Jones and Wetherill brought a declaratory judgment action to determine whether the insurance policy that American Employers Insurance Company[1] ("AEIC") issued to Hydrotech provided insurance coverage for bodily injury allegedly caused by their "negligence" in fighting at the club. AEIC then filed a third-party complaint against American States Insurance Company ("ASIC") and Cincinnati Insurance Company ("CIC"), as the homeowner insurance carriers for Jones and Wetherill respectively, to determine which insurer was required to provide a defense and coverage to Jones and Wetherill for Smith's injuries.

Subsequently, AEIC filed a motion to disqualify counsel for Jones and ASIC, and counsel for Wetherill and CIC for having a conflict of interest. AEIC also filed a motion to dismiss for failure to prosecute in the names of the real parties in interest. The trial court overruled both motions.

AEIC filed a motion for summary judgment. Jones, ASIC, Wetherill and CIC also filed motions for summary judgment. The trial court granted summary judgment to Jones, ASIC, Wetherill and CIC, and denied summary judgment to AEIC. From these decisions, AEIC appeals.[2]

## II. Assignments of Error

AEIC advances three assignments of error. First, AEIC argues that the trial court erred in failing to grant AEIC's motion for summary judgment and in granting summary judgment to Jones, ASIC, Wetherill and CIC because the fight was not related to Jones and Wetherill's duties as officers of Hydrotech. Second, AEIC argues that the trial court erred in overruling AEIC's motion to disqualify the firm of McIntosh, McIntosh & Knabe as counsel for Jones and ASIC and to disqualify the firm of Berlon & Timmel as counsel for Wetherill and CIC. Third, AEIC asserts that the trial court erred in overruling AEIC's motion to dismiss for failure to prosecute in the names of the real parties in interest.

---

1. AEIC issued the policy to Hydrotech under its former name, Commercial Union Insurance Company.

2. Fortuitously, this court sits as a three-judge panel. Thus, the number of judges exactly equals the number of insurance companies involved. Were this a dispute between *four* insurance companies, we might feel overwhelmed.

### III.  Summary Judgment

Under Civ.R. 56(C), the party seeking summary judgment has the initial burden to identify those elements of the nonmoving party's case which do not raise genuine issues of material fact and upon which the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798, 801.  Whether a genuine issue of material fact exists depends on whether the evidence presents "a sufficient disagreement to require submission to a jury" or whether it is so "one-sided that one party must prevail as a matter of law."  *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126 (citing *Anderson v. Liberty Lobby, Inc.* [1986], 477 U.S. 242, 251–252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 213–214).

AEIC argues that the trial court should not have granted summary judgment to Jones, ASIC, Wetherill and CIC, and that the trial court should have granted AEIC's motion for summary judgment, because the fight between Jones and Wetherill was not related to their duties as officers of Hydrotech.

AEIC argues that it is not the proper insurer for Jones and Wetherill in the Smith litigation.  AEIC argues that its policy covers Jones and Wetherill only "with respect to" their duties as Hydrotech's officers.  Jones and Wetherill counter by arguing that they are covered as long as there is "a relation" between their activity and the business.

Jones and Wetherill would have this court hold that their fist fight was related to their business dinner and therefore obligates AEIC to cover Smith's resultant injuries.  They argue that because AEIC cannot prove that the fist fight stemmed from personal comments rather than business comments, a sufficient nexus to the business is established.

Following this argument, the trial court focused on whether the events leading up to the fight were sufficiently related to the business.  The trial court should have focused on whether the fight *itself* was related to the business.  We find it exceedingly doubtful that fist fighting is within the description of these officers' duties.  However passionate company officers may be about their business views, a fist fight is almost always outside the scope of their business.  See *Am. Family Mut. Ins. Co. v. Lane* (S.D.Ind.1991), 782 F.Supp. 415; *Brown v. Indus. Comm.* (1948), 86 Ohio App. 256, 41 O.O. 165, 82 N.E.2d 878.

Based on the above decisions, we hold that the dinner events leading up to the fight are not controlling.  Even strictly construing the policy to read as Jones, ASIC, Wetherill and CIC read it, we are convinced that no issue of material fact remains.

AEIC also argues that two pieces of evidence excluded by the trial court demonstrate that the fight was personal in nature. AEIC argues that these pieces of evidence should have been considered. We do not need to decide whether this evidence should have been considered by the trial court, because AEIC prevails whether or not the evidence is proper.

■ We hold that, in general, fist fights between employees are presumed to be outside the scope of employment, and the party claiming that the fight was within the scope of employment bears the burden of proof on that issue. In this case, Jones and Wetherill had the burden to show that the fight was within the scope of their employment to receive coverage under the AEIC policy.

■ At deposition, neither Jones nor Wetherill could recall exactly what led to the altercation. Therefore, we hold as a matter of law that Jones and Wetherill did not meet their burden to demonstrate that the fist fight was sufficiently business-related to require AEIC to cover the resulting injuries to the waiter attempting to break up the fight. We sustain the first assignment of error.

### IV.  Motion to Disqualify Counsel

Second, AEIC argues that the trial court erred in overruling AEIC's motion to disqualify McIntosh, McIntosh & Knabe as counsel for both Jones and ASIC and to disqualify Berlon & Timmel as counsel for both Wetherill and CIC. AEIC claims that both firms had a clear conflict of interest between their individual clients and their insurance company clients in violation of DR 5–105.

ASIC reserved its right to refuse coverage to Jones in the Smith litigation. Likewise, CIC reserved its right to refuse coverage to Wetherill. In the declaratory judgment action before us, ASIC and CIC argued initially that they were not obliged to provide coverage, but rather that AEIC was so obliged. ASIC and CIC were, in essence, arguing on behalf of Jones and Wetherill that the companies were not obliged to cover the insureds under the respective homeowner policies. Subsequently, ASIC and CIC stated in their memorandum in opposition to AEIC's motion to disqualify that they *would* provide coverage if the court found that the AEIC policy did not provide coverage. AEIC asserts that this perhaps belated statement in the memorandum was insufficient to resolve the conflict of interest, because it was not evidence and not binding.

We must resolve two issues before examining whether a conflict of interest actually existed in this case. First, we must determine whether AEIC had standing to raise the motion regarding the relationship between ASIC, Jones and their counsel and the relationship between CIC, Wetherill and their counsel. Second, if AEIC had standing, we must determine whether a violation of the

Code of Professional Responsibility alone was sufficient to require disqualification of counsel.

In *Morgan v. N. Coast Cable Co.* (1992), 63 Ohio St.3d 156, 586 N.E.2d 88, the Supreme Court of Ohio held that a stranger to the attorney-client relationship lacks standing to assert a conflict of interest in that relationship. AEIC was clearly a stranger to the relationships challenged in this case. Therefore, AEIC lacked standing to assert disqualification of McIntosh, McIntosh & Knabe and Berlon & Timmel from representing their clients.

Even assuming that AEIC did not lack standing, we hold that an alleged violation of the Code of Professional Responsibility is insufficient to disqualify counsel. *Kitts v. U.S. Health Corp. of S. Ohio* (1994), 97 Ohio App.3d 271, 646 N.E.2d 555. Disqualification should occur only when it is absolutely necessary. The party moving for disqualification bears the burden for demonstrating this necessity. *Centimark Corp. v. Brown Sprinkler Serv., Inc.* (1993), 85 Ohio App.3d 485, 620 N.E.2d 134; *Kitts, supra.* AEIC did not attempt to demonstrate below that disqualification was necessary, but only that a conflict of interest existed, and that the conflict violated the Code of Professional Responsibility. Therefore, it failed to sustain its burden in this matter even if it had standing.

Because AEIC lacked standing and failed to demonstrate that disqualification was necessary, we decline to entertain the issue of whether McIntosh, McIntosh & Knabe and Berlon & Timmel committed a violation of DR 5–105.[3] For the reasons stated, we overrule the second assignment of error.

## V. Failure to Prosecute as Real Parties in Interest

Third, AEIC asserts that the trial court erred in overruling AEIC's motion to dismiss for failure to prosecute in the names of the real parties in interest. AEIC asserts that neither Jones nor Wetherill would be benefited by a determination that AEIC must provide coverage instead of ASIC and CIC pursuant to Civ.R. 17(A). However, after an exhaustive look at the record, we find no evidence that conclusively demonstrates that ASIC or CIC must provide coverage to Jones or Wetherill in the event that AEIC is not required to provide coverage. Wetherill's statement that the action was filed "because CIC felt that AEIC should be involved" does not show that Wetherill would not be benefited if AEIC was required to provide coverage. Neither the ASIC policy nor the CIC policy is in the record. Clearly if AEIC was required to provide coverage, Jones and Wetherill would be benefited if no other coverage were available. Thus, they

---

3. In discharge of our mandatory duty under DR 1–103, we have forwarded without comment copies of the briefs herein to the Office of the Disciplinary Counsel.

would be directly benefited by the outcome of this case, and real parties in interest. *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 20 OBR 210, 485 N.E.2d 701.

We find little evidence in the record that demonstrates that Jones and Wetherill were "straw men" in an equitable subrogation action, as alleged by AEIC. AEIC failed to show that ASIC and CIC must provide coverage in the event that AEIC was not held liable to provide coverage. The only statements to that effect were in the pleadings. Because these statements were not evidence, they were insufficient to meet AEIC's burden.

We agree that ASIC and CIC's claims that AEIC's policy provides a greater limit of coverage are specious given the large coverage limit under each policy. We note that by the time this matter came on for oral argument, the underlying case between the actual injured party, Smith, and Jones and Wetherill had been settled for the total sum of $27,500. The only remaining issue now is which insurance company or companies must bear that loss.

However, without evidence in the record to support AEIC's claim that Jones and Wetherill were not benefited, we cannot interfere with the trial court's decision denying AEIC's motion to dismiss for failure to prosecute in the name of the real parties in interest.

We overrule the third assignment of error.

## VI. Conclusions

For the reasons stated above, we sustain AEIC's first assignment of error and overrule the second and third assignments of error. Accordingly, we reverse the summary judgment entered below and remand this cause with instructions to enter summary judgment in favor of AEIC.

*Judgment reversed*
*and cause remanded.*

MARIANNA BROWN BETTMAN, P.J., and SHANNON, J., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.