670 So.2d 858 (1995)
Ex parte INTERGRAPH CORPORATION.
(Re Randolph C. MARKS, d/b/a Historical Architectural Resource Planning v. INTERGRAPH CORPORATION). (Two Cases)
Ex parte Randolph C. MARKS, d/b/a Historical Architectural Resource Planning.
1931705, 1940013.
Supreme Court of Alabama.
September 29, 1995.
Rehearing Denied November 9, 1995.
*859 Michael L. Edwards, Alan T. Rogers and Will Hill Tankersley, Jr. of Balch & Bingham, Birmingham, William J. Baxley and Joel E. Dillard of Baxley, Dillard, Dauphin & McKnight, Birmingham, for Intergraph Corporation.
J. David Pugh of Bradley, Arant, Rose & White, Birmingham, James L. North and J. Timothy Francis of James L. North and Associates, Birmingham, for Randolph C. Marks.
PER CURIAM.
This case involves a question of attorney disqualification based on an alleged conflict of interest.
On December 17, 1993, Randolph C. Marks, d/b/a Historic Architectural Resource sued Intergraph Corporation, alleging breach of warranty, breach of contract, and fraud relating to the use of computer hardware and software in creating architectural designs. When he sued, Marks was represented by Crowson Partners, P.C. Timothy Crowson is the senior partner in the firm. Approximately seven years before opening this firm, Crowson had been employed by Intergraph as its in-house legal counsel.
In February 1994, Intergraph filed an answer to the complaint, along with interrogatories, and gave notice of depositions. At this time, Intergraph made no objection to Crowson's involvement in the lawsuit. It is undisputed that Intergraph knew at that time that Crowson had worked as its in-house counsel.
Marks also sought to retain Donovan Conwell as legal counsel in his lawsuit against Intergraph. Conwell is a Florida attorney who regularly litigates computer disputes throughout the country. Conwell is chairman of the American Bar Association's Computer Litigation Committee and has represented architects in computer-related lawsuits. Notably, Conwell has represented architectural firms against Intergraph in other lawsuits similar to Marks's.
In March 1994, Crowson moved for the pro hac vice admission of Conwell, so that Conwell, as an out-of-state attorney, could represent Marks in this case. Crowson also filed an amended complaint and requested documents from Intergraph, along with answers to interrogatories.
On June 6, 1994, the trial judge met with Crowson and the attorneys for Intergraph in order to discuss some discovery matters. No court reporter was present. According to Crowson, Intergraph's attorneys did not object to the court's admitting Conwell as additional counsel for Marks and stated that they knew of Conwell's involvement in prior litigation against Intergraph. Intergraph's current legal department employee, Diane Hargrove, was present at this meeting; she made no objection to either Crowson or Conwell's involvement in the case. It should be noted that Hargrove had worked for Crowson when he was at Intergraph as in-house counsel. Hargrove also knew that Conwell had represented other plaintiffs against Intergraph. According to Intergraph, its attorney had no objection to Conwell's being admitted pro hac vice, but had wanted to "look into it."
On June 13, 1994, Intergraph filed a motion to disqualify both Crowson and Conwell. On July 29, 1994, the trial court heard oral argument on the motion. Subsequently, the trial court disqualified Crowson but allowed Conwell to continue representing Marks.
Intergraph petitioned for a writ of mandamus, asking this Court to order that Conwell also be disqualified from acting as legal counsel in this case. Intergraph contends that Crowson's conflict of interest as former in-house counsel has extended to Conwell because the two worked together on this case.
Marks petitioned for a writ of mandamus, asking this Court to order that Crowson be allowed to represent Marks, along with Conwell.[1] Marks contends that Intergraph waived its right to object by failing, Marks *860 says, to do so in a timely manner. Marks also argues that because computer litigation is a new and highly technical area of the law, he will be denied the right to counsel of his choice if Crowson is not allowed to represent him.
A petition for the writ of mandamus is a proper method for reviewing a motion to disqualify an attorney. Ex parte Central States Health & Life Co., 594 So.2d 80 (Ala. 1992).
The writ of mandamus is an extraordinary writ and will be issued only when the petitioner has shown a clear, indisputable right to the relief sought.
The first issue is whether the trial court erred in disqualifying Crowson.
"A lawyer who has formerly represented a client in a matter shall not thereafter ... represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." Rule 1.9, Rules of Professional Conduct.
In order to disqualify an attorney for a conflict of interest, the former client must show that he or she had an attorney-client relationship with the attorney the former client seeks to disqualify and that the attorney represented the former client in a substantially related matter. Roberts v. Hutchins, 572 So.2d 1231 (Ala.1990).
Next, there is a question whether the former client has waived the right to disqualify the former attorney. See Hall v. Hall, 421 So.2d 1270 (Ala.Civ.App.1982); Cox v. American Cast Iron Pipe Co., 847 F.2d 725 (11th Cir.1988). Prior Alabama case law indicates that laches may bar a disqualification motion if the delay in filing the motion was intentional.
Hall arose out of a divorce case. The wife had been represented in an uncontested divorce by the attorney now representing her ex-husband in a child custody modification hearing. The Court of Civil Appeals held that the former client had waived her right to object to her attorney's subsequent representation of her former husband by not objecting until after the trial.
In Cox, the defendant in a sexual discrimination case objected to an attorney who had previously represented it but who had later formed a partnership with another attorney now representing the plaintiffs on appeal in the sexual discrimination action. The defendant was held to have waived the right to object because it had not objected earlier when it was informed of the proposed partnership, but had waited 18 months before filing the motion to disqualify. Additionally, the defendant had not objected when the newly formed law partnership represented other plaintiffs in a different sexual discrimination action against that defendant.
We hold that the trial court erred in disqualifying Crowson. One should file a motion to disqualify within a reasonable time after discovering the facts constituting the basis for the motion. It is undisputed that Intergraph knew when Marks filed his action that Crowson had previously worked for Intergraph as in-house counsel. Intergraph should have objected to Crowson's involvement at the very beginning, instead of allowing the case to proceed for six months while discovery was ongoing and the case was being prepared for trial.
Therefore, we direct the trial court to permit Crowson to represent Marks. Also, we hold that the trial court correctly denied the motion to disqualify Conwell because the objection to Conwell was based on the contention that Crowson's alleged conflict of interest had tainted Conwell.
1931705WRIT DENIED.
1940013WRIT GRANTED.
ALMON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.
HOUSTON, Justice (dissenting).
I would deny the writ in 1940013 and issue the writ in 1931705 on the authority of, and based on the legal reasoning in, Roberts v. *861 Hutchins, 572 So.2d 1231 (Ala.1990). Therefore, I respectfully dissent.
MADDOX, J., concurs.
NOTES
[1] Marks's original petition for the writ of mandamus was dismissed on October 20, 1994. The Court reinstated the petition on July 19, 1995.