COOK, Justice.
Edna Dowdell petitions this Court for a writ of mandamus directing the Macon County Circuit Court to vacate an order transferring to Montgomery County Dowdell’s action against, among others, the State of Alabama Department of Human Resources and the Macon County Department of Human Resources. We grant the writ.
On February 11, 1994, Dowdell sued the State of Alabama Department of Human Resources (“State DHR”) and the following residents of Macon County: the Macon County Department of Human Resources (“Macon County DHR”); David Stinson and Millie Foster, employees of Macon County DHR “engaged in ... social work and social work practice”; Linda Buchanan, the director of the Macon County DHR; and Delphia Williams, “child support supervisor” of the Macon County DHR. The complaint alleged that Dowdell had sought assistance fi-om the Macon County DHR in obtaining child support, and that, subsequently, had been pressured by Stinson to engage in sexual relations in return for Stinson’s expedition of matters involving her case. Liability as to the other individual defendants was premised on their supervisory and other connections with Stinson.
The defendants moved to transfer the action to Montgomery County. The trial court *1159 granted the motion, concluding that “the Alabama Department of Human Resources is a resident of Montgomery County” and that actions against a state agency must be prosecuted in the county of its official residence. That order is the subject of Dowdell’s mandamus petition.
The defendants contend that they are “state agencies or state employees,” whose official actions have become the basis of this lawsuit. Answer and Brief of Defendants, at 10. They insist that the trial court correctly applied the rule generally applicable to actions against state agencies and state officials sued in their official capacities, namely, that such actions are, as declared in Tri-State Corp. v. State, 272 Ala. 41, 46, 128 So.2d 505, 509 (1961), to be brought “in the county of their official residence.” Because this action includes counts against the State DHR, this action must, they contend, be prosecuted in Montgomery County — that defendant’s official residence.
Dowdell insists, however, that this case is controlled by Ala.Code 1975, § 6-3-2(a) (authorizing actions against individuals in the county of the residence of any one of the defendants), and Ala.R.Civ.P. 82(c), which provides:
“Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
(Emphasis added.) Because, she contends, this action includes claims against “four material defendants in their individual capacities] in the county of their residence and the Macon County Department of Human Resources,” Petitioner’s Reply Brief, at 5-6, venue was proper in Macon County, pursuant to Rule 82(c) and § 6-3-2. She insists, in other words, that these provisions provide an exception to the general rule regarding actions against state agencies and officials sued in their official capacities.
The issue presented here thus differs in no material respect from the issue addressed in Ex parte AU Hotel, Ltd., 677 So.2d 1160 (Ala.1996), where we held that a joint action commenced against a state agency and an individual in his official and individual capacity, may, pursuant to Rule 82(e), proceed in the county where the wrongful acts allegedly occurred, § 6-3-2(a)(3), even if that county is not the official residence of the state defendants. On the authority of Ex parte AU Hotel, we hold that Rule 82(c) authorizes the prosecution of this action in Macon County, notwithstanding the inclusion of the claims against the various state defendants.
A writ of mandamus will issue where the petitioner has demonstrated “a clear legal right to the relief sought.” Ex parte Clark, 643 So.2d 977, 978 (Ala.1994). Dow-dell has demonstrated such a right. The Macon County Circuit Court is, therefore, directed to vacate its order transferring Dowdell’s action to Montgomery County.
WRIT GRANTED.
HOOPER, C.J., and SHORES, KENNEDY, and BUTTS,* JJ., concur.
MADDOX ** and HOUSTON, JJ., dissent.