WOODALL, Justice.
The majority shareholders in, and officers or directors of, Tiffin Motor Homes, Inc. (“TMH”), namely, Robert A. Tiffin, *1162 Jr., David Tiffin, Judy Tiffin, Timothy R. Tiffin, Van L. Tiffin, and Alex B. Tiffin (hereinafter collectively referred to as “the Tiffins”), petition this Court for a writ of mandamus directing the trial court to “reinstate Sirote [ & Permutt, P.C.,]” as the law firm representing the Tiffins in an action filed against them by the minority shareholders of TMH, namely, J.M. Page, Darrell Harp, Grady Price, Ann Vincent, David D. Deaton, and Kathryn B. Deaton (hereinafter collectively referred to as the “minority shareholders”). We grant the petition.

I. Facts and Background

The material facts are not in dispute. This action began on August 10, 2001, when the minority shareholders filed a 14-count complaint against the Tiffins and TMH. The first nine counts of the complaint were shareholder-derivative claims, asserted on behalf of TMH, pursuant to Ala. R. Civ. P. 23.1, against the Tiffins in their official capacities. The essence of those claims was that the Tiffins had breached various duties to the corporation by “causing the corporation to pay excessive prices for goods and services to entities connected to the Tiffin family, by usurping business opportunities, and by diverting incomes and profits to other related companies” (“the derivative claims”).
The remaining claims were against the Tiffins in their individual capacities. In those claims, the minority shareholders alleged that they had been “individually damaged by the [Tiffins’] actions.” More specifically, they averred that they had been “deprived of their just share of the corporate gains”; that the Tiffins had “siphoned off and diverted profits and dividends from [TMH]”; and that the Tiffins had “engaged in a systematic scheme or design to ‘squeeze out’ the minority shareholders of [TMH]” (“the minority-shareholder claims”). Sirote & Permutt, P.C. (“Sirote”), undertook to represent the Tif-fins, individually, in the action, while the law firm of Bedford, Rogers & Bowling, P.C., represented TMH in the action. On June 13, 2002, the trial court entered a partial summary judgment for the Tiffins disposing of the derivative claims; that judgment was made final pursuant to Rule 54(b), Ala. R. Civ. P., and is no longer reviewable by appeal.
On July 22, 2002, almost a year after the complaint was filed and more than a month after the entry of the partial summary judgment, the minority shareholders moved to disqualify Sirote from representing the Tiffins. The motion alleged that “[a]t all times relevant ..., [Sirote had] served as general counsel for [TMH].” (Emphasis added.)[1] The motion also alleged that “in its capacity as counsel for TMH, [Sirote had] provided legal advice and performed legal services with respect to issues and transactions ... directly at issue.” It further alleged that Sirote’s “continued representation” of the Tiffins constituted an “irreconcilable conflict of interest” with TMH, as prohibited by Rule 1.7, Ala. R. Prof. Conduct, and Rule 1.9, Ala. R. Prof. Conduct. Those rules provide:
“Rule 1.7. Conflict of Interest: General Rule.
“(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
“(1) the lawyer reasonably believes the representation will not adversely *1163 affect the relationship with the other client; and
“(2) each client consents after consultation.
“(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer’s responsibilities to another client or a third person, or by the lawyer’s own interests, unless:
“(1) the lawyer reasonably believes the representation will not be adversely affected; and
“(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.”
“Rule 1.9. Conflict of Interest: Former Client.
“A lawyer who has formerly represented a client in a matter shall not thereafter:
“(a) represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client, unless the former client consents after consultation; or
“(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.”
The Tiffins responded to the minority shareholders’ motion to disqualify Sirote, arguing that because Sirote was representing only them, individually, in the litigation, the summary judgment on the derivative claims removed any purported conflict of interest. More specifically, they argued:
“If the Plaintiffs argue that they represent not only the Minority Shareholders but also the interests of TMH in their oppression claims, and thus disqualification is appropriate in the remainder of this case, Plaintiffs are without standing. Pursuant to this court’s June 13, 2002, order, the only remaining claims in this case, as labeled in Plaintiffs’ own complaint, are individual claims. These claims belong solely to the Minority Shareholders, not the corporation itself. Indeed, any recovery on these oppression claims would go solely to the Plaintiffs, not to TMH.... Hence, TMH does not have an interest in the remaining claims and, consequently, the Plaintiffs are not representing TMH’s interests. As stated above, the only claims that TMH had an interest in were the derivative claims which were fully resolved pursuant to this court’s June 13, 2002, order granting partial summary judgment. Accordingly, since TMH has no interest in the remaining claims, there could exist no [derivative] attorney-client relationship between the Plaintiffs and Sirote.”
(Emphasis in original.)
In that response, the Tiffins also argued:
“To the extent Plaintiffs claim a conflict with Sirote in connection with the oppression claims, Plaintiffs lack standing .... Only a former client could revifye] that type of conflict — and since Sirote never represented any of the Plaintiffs in connection with any substantially similar matters, there can be no such standing. Sirote has not represented any of them in a substantially similar manner and thus cannot he disqualified in this lawsuit for being adverse to them.”
*1164 (First emphasis original; other emphasis added.)[2]
The trial court granted the minority shareholders’ motion, and entered an order disqualifying Sirote from representing the Tiffins. Subsequently, the Tiffins filed this mandamus petition, challenging that order.

II. Standard of Review

A petition for a writ of mandamus is the appropriate vehicle by which to review an order disqualifying an attorney from representing a party. Ex parte Lammon, 688 So.2d 836, 838 (Ala.Civ.App.1996); see Ex parte Intergraph Corp., 670 So.2d 858, 860 (Ala.1995); Ex parte Central States Health & Life Co. of Omaha, 594 So.2d 80 (Ala.1992). “A writ of mandamus will issue where the petitioner has demonstrated ‘a clear legal right to the relief sought.’ ” Ex parte Dowdell, 677 So.2d 1158, 1159 (Ala.1996) (quoting Ex parte Clark, 643 So.2d 977, 978 (Ala.1994)).
This Court reviews questions of law de novo. Tipler v. Alabama State Bar, 866 So.2d 1126 (Ala.2003); Alabama Dep’t of Transp. v. Price, 854 So.2d 59 (Ala.2003); Thompson Tractor Co. v. Fair Contracting Co., 757 So.2d 396, 398 (Ala.2000); Ex parte Alabama Real Estate Appraisers Bd., 739 So.2d 14, 16 (Ala.1999). Where there is no dispute as to any fact material to a dispositive element of Rule 1.7 or Rule 1.9, Ala. R. Prof. Conduct, the question is one of law and our review is de novo. Cf. Chrispens v. Coastal Refining & Marketing, Inc., 257 Kan. 745, 761, 897 P.2d 104, 116 (1995) (“In the area of disqualification of counsel under the ethical rules adopted by this court, the determination of whether under given facts application of the rules to those facts requires disqualification of the attorney or firm is a question of law.”).

III. Conflict of Interest

The minority shareholders contend that “Sirote has discarded” the duty of loyalty it owes to TMH as general counsel of TMH “by abandoning representation of the corporation and thereafter undertaking representation of the [Tiffins], who are in an adversarial position relative to the [minority] [shareholders.” Minority Shareholders’ brief, at 13-14. It is the “continued representation” of the Tiffins that the minority shareholders contend constitutes an “irreconcilable conflict of interest” with TMH, as prohibited by Rule 1.7 and Rule 1.9.
The party moving for an attorney’s disqualification under Rule 1.7 or Rule 1.9 bears the burden of proving the existence of a conflict of interest. Carlyle Towers Condo. Ass’n, Inc. v. Crossland Sav., FSB, 944 F.Supp. 341 (D.N.J.1996); Barragree v. Tri-County Elec. Coop., Inc., 263 Kan. 446, 950 P.2d 1351 (1997); Walker v. State Dep’t of Transp. & Dev., 817 So.2d 57 (La.2002); Rose v. Rose, 849 P.2d 1321 (Wyo.1993); In re Commissioner of Banks & Real Estate, 327 Ill.App.3d 441, 764 N.E.2d 66, 261 Ill.Dec. 775 (2001).
Rule 1.7 governs a lawyer’s responsibility with regard to concurrent clients. More specifically, Rule 1.7(a) “prohibits representation of opposing parties in litigation,” while Rule 1.7(b) governs “[simultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants.” Rule 1.7, Comment, Conflicts in Litigation. Rule *1165 1.9 governs a lawyer’s responsibility with regard to consecutive clients, that is, “[a]f-ter termination of a client-lawyer relationship.” Rule 1.9, Comment.
At a minimum, a party seeking disqualification for the conflict addressed in Rule 1.7 must demonstrate (1) that it is a current client of the lawyer whose representation is challenged, and (2) that the party’s interests “conflict” with the interests of the other client, or with the interests of the lawyer. See Ex parte Am-South Bank, N.A., 589 So.2d 715, 718 (Ala.1991). A former client seeking disqualification for the conflict addressed in Rule 1.9 must demonstrate (1) that it “had an attorney-client relationship with the attorney the former client seeks to disqualify and [ (2) ] that the attorney represented the former client in a [ (3) ] substantially related matter.” Ex parte Intergraph Corp., 670 So.2d at 860.
Ordinarily, therefore, “a stranger to the attorney-client relationship lacks standing to assert a conflict of interest in that relationship.” Jones v. American Employers Ins. Co., 106 Ohio App.3d 636, 641, 666 N.E.2d 1152, 1155 (1995) (citing Morgan v. North Coast Cable Co., 63 Ohio St.3d 156, 586 N.E.2d 88 (1992)); see also Lowe v. Graves, 404 So.2d 652 (Ala.1981); Hawkes v. Lewis, 255 Neb. 447, 586 N.W.2d 430 (1998); Johnson v. Prime Bank, 219 Ga.App. 29, 464 S.E.2d 24 (1995). In other words, “ ‘as a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the [current or] former client moves for disqualification.’ ” Lowe, 404 So.2d at 653 (quoting In re Yarn Processing Patent Validity Litig., 530 F.2d 83 (5th Cir.1976)).
The minority shareholders do not inform this Court why the general rule should not apply in this case. Indeed, they concede that Sirote’s client is TMH, that is, the corporation. Minority shareholders’ brief, at 13,15.
To be sure, this action began as a shareholder derivative suit, in which the shareholders are “nominal plaintiff[s] representing the corporation,” which is the “real party in interest.” Barrett v. Southern Connecticut Gas Co., 172 Conn. 362, 370, 374 A.2d 1051, 1055 (1977) (emphasis added); see also Kilburn v. Young, 244 Ga.App. 743, 744, 536 S.E.2d 769, 771 (2000). However, this action is no longer a shareholder derivative suit. The derivative claims were disposed of by the partial summary judgment entered on June 13, 2002, and, as previously stated, are not now reviewable. The resolution of the derivative claims changed the legal status of the minority shareholders. Curiously, the minority shareholders did not move to disqualify Sirote until more than a month after the entry of the partial summary judgment. Thus, the corporation has never been the beneficiary of the minority shareholders’ attempt to disqualify Sirote. In other words, the challenge to Sirote’s representation has never been maintained by (1) current clients, (2) former clients, or (3) representatives of TMH. In short, the minority shareholders have no answer to the Tiffins’ lack-of-standing argument.
Because there is no factual dispute as to a dispositive element of Rule 1.7 and Rule 1.9, the question before us is one of law. Solely on the basis of the arguments presented by both sides of this dispute, we conclude that the Tiffins have demonstrated a clear legal right to a writ of mandamus directing the trial court to reinstate Sirote as the Tiffins’ counsel.
PETITION GRANTED; WRIT ISSUED.
*1166 HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.

. The minority shareholders contend, and Si-rote does not deny, that Sirote continues to serve as general counsel for TMH.

. Subsequently, at a special meeting of the board of directors, two directors who had not been named as defendants in the action— without the participation of the directors who were defendants — passed a resolution purporting to "waive[ ] any conflict of interest” arising out of Sirote's representation of the Tiffins.