REEG, PLAINTIFF-APPELLANT, *v.* HODGSON, DEFENDANT-APPELLEE.

Ohio Appeals, Fourth District, Scioto County.

No. 756.   Decided March 30, 1964.

*Messrs. Kimble, Schapiro, Stevens, Harsha & Harcha,* for plaintiff-appellant.

*Messrs. Bannon, Howland, McCurdy & Dever,* for defendant-appellee.

COLLIER, P. J.   This action was instituted by the plaintiff, Gerald Reeg, in the Common Pleas Court of Scioto County, against the defendant, James L. Hodgson, to recover damages for personal injuries alleged to have been sustained on September 9, 1959, in a collision between the two automobiles being driven by said parties in the city of Portsmouth, Ohio.   The parties will be referred to hereinafter as the plaintiff and defendant in the same relation they appeared in the trial court.

The trial by jury resulted in a verdict in favor of the plaintiff in the sum of $3030.00.   The plaintiff's motion for a new trial was overruled and defendant's motion to set aside the verdict and render final judgment for the defendant was also overruled.   Each party has appealed to this court in separate appeals which have been consolidated.

The plaintiff's assignments of error are: No. 1, the verdict of the jury, and hence the judgment of the court herein rendered, is inadequate.   No. 2 and 3, The court erred in giving defendant's special charges No. 1 and No. 2.   No. 4, The court erred in submitting to the jury defendant's interrogatories Nos. 1, 2, 3, 4, 5, 6, and 7.   No. 5, The court erred in repeating an in-

struction to the jury to the effect that the amount of the verdict must come from the evidence in the case, as set forth on page 252 of the record. No. 6, The court erred in including in its general charge any reference to contributory negligence.

In his first assignment of error the plaintiff contends that the verdict and judgment is inadequate. The burden of proof was upon the plaintiff to prove the nature and extent of his damages. No definite proof was offered to show the amount of plaintiff's medical and hospital expenses and the plaintiff sustained no loss in earnings, but on the contrary, his salary was increased after the accident. This left only the item of alleged pain and suffering upon which the evidence is conflicting. The evidence, as shown by the record to establish damages, is rather vague and uncertain. It was the function of the jury to determine the amount of damages and after carefully examining the record, our conclusion is the verdict and judgment should not be disturbed.

Under assignments of error Nos. 2 and 3, plaintiff claims error in the court submitting charges Nos. 1 and 2, as requested by the defendant. Special charge No. 1 reads:

"I charge you that it is not sufficient for plaintiff, Gerald Reeg, to prove that the negligence of defendant, James L. Hodgson, might have caused the pain and disability, if any, of plaintiff, but, if the pain and disabilty complained of might well have resulted from any one of two causes, it is incumbent upon plaintiff to produce evidence which will exclude the effectiveness of that cause for which defendant, James L. Hodgson, is not legally responsible."

The evidence discloses that the plaintiff had arthritic changes in his cervical and lumbar spine prior to the date of the accident. The evidence was in conflict as to whether or not there was a causal relationship between the accident and plaintiff's pain and disability. Under this evidence and the law as announced in the case of *Gedra* v. *Dallmer*, 153 Ohio St., 258, the court properly submitted this special charge to the jury.

Charge No. 2 reads:

"I charge you that if defendant, James L. Hodgson, was suddenly stricken with a seizure of cramping, which seizure, under all the attendant circumstances and conditions could not have been foreseen or anticipated by defendant in the exercise

of ordinary care and which seizure rendered it impossible to control the automobile he was driving, defendant is not chargeable with negligence as to such lack of control."

The defendant testified that as he was driving his car following the plaintiff in the same lane of travel, he suddenly suffered a cramp in his leg which caused his foot to slip off the brake and for that reason he could not stop his automobile. Under the firmly established rule that where the driver of an automobile is suddenly stricken by an illness which he has no reason to anticipate and which renders it impossible for him to control the car, he is not chargeable with negligence, special charge No. 2 was properly submitted to the jury. *Lehman* v. *Haynam*, 164 Ohio St., 595; *Driver* v. *Brooks*, 176 Va., 317, 10 SE (2d), 887; 28 A. L. R. (2d), 35.

Under assignment of error No. 4 the plaintiff claims the court erred in submitting seven interrogatories to the jury. These interrogatories and the answers thereto are:

Interrogatory No. 1. Did the plaintiff, Gerald Reeg, have arthritic changes of his cervical spine existing prior to the accident of September 9, 1959?

Answer: Yes.

Interrogatory No. 2. If your answer to Interrogatory No. 1 is "yes," are such arthritic changes and progressions thereof in the cervical spine of plaintiff, Gerald Reeg, a proximate cause of his pain and disability?

Answer: Yes.

Interrogatory No. 3. Did the plaintiff, Gerald Reeg, have arthritic changes of his lumbar spine existing prior to the accident of September 9, 1959?

Answer: Yes.

Interrogatory No. 4. If your answer to Interrogatory No. 3 is "yes," are such arthritic changes and progressions thereof in the lumbar spine of plaintiff, Gerald Reeg, a proximate cause of his pain and disability?

Answer: Yes.

Interrogatory No. 5. What monetary difference, if any, do you find between amounts plaintiff, Gerald Reeg, was capable of earning before the accident of September 9, 1959, and after the accident of September 9, 1959?

Answer: $3240.00.

Interrogatory No. 6. What monetary difference, if any, attributable solely to injuries received by plaintiff, Gerald Reeg, in the accident of September 9, 1959, did you find between amounts plaintiff was capable of earning before the accident of September 9, 1959, and after the accident of September 9, 1959?

Answer: $3030.00.

Interrogatory No. 7. What is the present value as a lump sum payment of the monetary difference, if any, attributable solely to injuries received by plaintiff, Gerald Reeg, in the accident of September 9, 1959, between amounts plaintiff was capable of earning before the accident of September 9, 1959, and after the accident of September 9, 1959?

Answer: $3030.00.

These interrogatories were submitted pursuant to the provision of Section 2315.16, Revised Code. This statute, in substance, provides that when either party requests it, if a general or special verdict is rendered, the jury shall make a particular finding in writing upon particular material allegations contained in the pleadings which are controverted by an answer. In *Miller* v. *McAllister*, 169 Ohio St., 487, it was held:

"Under Section 2315.16, Revised Code, written interrogatories shall be submitted to the jury upon request of either party in either a special or general verdict case and are to be confined to findings upon particular allegations contained in the pleadings controverted by an adverse party; and such interrogatories are to test the correctness of the verdict returned and contemplate essentially findings on controlling questions of fact."

The medical evidence tends to show an arthritic condition of plaintiff's spine prior to the accident. The principal issue of fact was whether this condition was aggravated and accelerated by the alleged injuries sustained by the plaintiff or whether the changed condition which developed between the time of the accident and the date of the trial was the natural and normal progression in the ordinary course of the disease.

Unquestionably, in the factual situation of the instant case and the law announced in *Miller* v. *McAllister, supra*, interrogatories 1, 2, 3, and 4, were properly submitted to the jury.

Interrogatories Nos. 5, 6 and 7, relate to the issue of plain-

tiff's impairment of earning capacity, an item of alleged damage and an ultimate fact to be determined by the jury, if plaintiff was entitled to recover damages once liability was established against the defendant.

Interrogatory No. 5 directs the jury to determine the monetary difference between the plaintiff's earning capacity before and after the accident on September 9, 1959, without reference to the cause of such difference. The answer is $3240.00. Interrogatory No. 6 calls for a finding of the monetary difference, if any, the plaintiff was capable of earning before and after the accident which was attributable solely to the injury received by the plaintiff in the accident. The answer was $3030.00. And, by interrogatory No. 7 the jury was directed to determine the present value, as a lump sum, of the monetary difference, if any, attributable solely to the injuries received by plaintiff between the amounts plaintiff was capable of earning before and after the accident. The answer was $3030.00, the same as the answer to interrogatory No. 6 and also the same as the amount of the general verdict. It is not indicated in any of the answers to these interrogatories whether the difference in the earning capacity of the plaintiff represents a greater or lesser amount than before the accident. In our opinion, for the reasons above stated, these interrogatories were properly submitted by the court to the jury.

Under assignment of error No. 5, the plaintiff claims the court erred in repeating an instruction to the jury that the amount of the verdict must be based on the evidence. This instruction stated a fundamental rule of law and the jury could not have been misled by such instruction. Nor could a short repetition of this statement, as requested by the defendant, have overemphasized the rule so as to prejudice the rights of the plaintiff.

For the sixth assignment of error the plaintiff claims the court erred in including in its general charge the issue of contributory negligence. The testimony of the defendant is that the two automobiles were traveling in the same direction, with the defendant following immediately behind the plaintiff; that the plaintiff suddenly stopped without giving a signal of his intention to do so. The trial court, in our opinion, by reason of this evidence was justified in instructing the jury on this

issue regardless of any other evidence adduced on the subject. It is only when the record is devoid of any substantial evidence to establish an issue, which the court injects into the case, that a reversal is justified.

We have discussed each of the assignments of error but it will be observed that, except for the first assignment of error, the irregularities complained of relate to the conduct of the trial and the manner in which the issues were submitted to the jury. In order to establish reversible error, the record must affirmatively show that the appellant's legal or constitutional rights were violated; that prejudicial error was committed; that the appellant was denied a fair trial. Ordinarily, the claim is made that the judgment would have been different if the alleged error had not been committed. In the instant case the verdict was in favor of the plaintiff and, assuming there is some merit in plaintiff's contentions that error was committed, how could the plaintiff have been prejudiced? Any error that may have been committed was cured by the verdict in favor of the plaintiff. See, *Elser* v. *Parke*, 142 Ohio St., 261, Syl. 5.

We are unable to agree with the defendant's contention that he is entitled to final judgment in his favor by reason of the jury's answer to interrogatories Nos. 1, 2, 3, and 4, finding that the plaintiff had a pre-existing arthritic condition and that such pre-existing condition was *a* proximate cause of his present disability. It is a well-established rule that there may be more than one proximate cause of a resulting casualty. When damages result from the negligence of a party, concurring with any other independent cause, such negligent party may be responsible. If plaintiff's disability directly and proximately resulted from the combined causes of the prior arthritic condition and the negligence of the defendant, the defendant may be held liable in damages. It will be observed that the jury found the pre-existing condition *a* proximate cause of his pain and disability and not *the* proximate cause. See *Clinger* v. *Duncan*, 166 Ohio St., 216, especially page 223 of the opinion. Aggravation or acceleration of a pre-existing physical condition in personal injury cases is so well recognized as a ground for recovery of damages that the citation of authorities is not necessary. 15 American Jurisprudence, 490, Sec. 80 and 81; 136 A. L. R., 413.

We find no error of sufficient consequence to warrant a reversal and, therefore, the judgment is affirmed.

Judgment affirmed.

BROWN and CARLISLE, JJ., concur.