**THOMAS et al., Appellees; Valley Homes Mutual Housing Corporation**

v.

**PRICE et al.; The 1997 Board of Trustees of Valley
Homes Mutual Housing Corporation, Appellant.**

[Cite as *Thomas v. Price* (1999), 133 Ohio App.3d 585.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980543.

Decided May 14, 1999.

*Terry M. Tranter,* for appellees.

*Cohen, Todd, Kite & Stanford, L.L.C., John G. Cobey* and *Denise C. Lee,* for appellant, the 1997 Board of Trustees of Valley Homes Mutual Housing Corporation.

---

*Per Curiam.*

Valley Homes Mutual Housing Corporation is a not-for-profit Ohio corporation that owns and manages about three hundred and fifty housing units in Lincoln Heights, Ohio. On April 29, 1998, plaintiffs-appellees, Harold Thomas, Stella Sherman, Barbara Broach, Joyce Hawkins, and Theresa White, who alleged that they were a majority of the trustees of Valley Homes, filed an amended complaint against defendants Edith Price and Dorothy Franklin. Franklin was a member and Price was the president of the board of trustees elected on September 28, 1997.

In their complaint, appellees alleged that, pursuant to the corporation's code of regulations, a majority of the members had voted to remove Price and Franklin from office and that two new trustees, Broach and Hawkins, had been elected to fill the vacancies resulting from their removal. Appellees further alleged that Price and Franklin continued to occupy the corporate office and to attempt to act as trustees despite the vote to remove them. They sought an injunction barring Franklin and Price from interfering in the corporation's business, ordering them to turn over all records, and removing their names from any business records, as well as any other necessary or proper relief.

Subsequently, the parties discovered that the state of Ohio had revoked the corporation's charter pursuant to R.C. 1702.59 on November 28, 1995, because it had failed to file a statement of continued corporate existence. The parties were unaware of the cancellation because the state had sent notices to the corporation's statutory agent, who was deceased at the time of the mailings. Because of the cancellation, appellees asked the court in a second amended complaint to wind up the affairs of the corporation and to appoint a receiver pursuant to R.C. 1705.52.

Subsequently, defendant-appellant, the 1997 Board of Trustees of Valley Homes Mutual Housing Corporation, filed a motion to intervene so that it could assert a counterclaim against appellees and file a motion to dismiss. Appellant claimed that the vote to remove Price and Franklin was invalid because it was conducted pursuant to an improper amendment of the code of regulations. Appellant further alleged that appellees did not constitute a majority of the board of trustees and that they were not authorized to file suit on behalf of the corporation. The trial court granted appellant's motion to intervene. Subsequently, appellant filed a motion for a temporary restraining order barring appellees from taking any action in an attempt to control or operate Valley

Homes. In that motion, they provided documentation showing that the corporation's articles of incorporation were reinstated on May 11, 1998.

At a hearing on June 2, 1998, the trial court stated that its feeling was that all actions taken by the corporation after the November 28, 1995 cancellation of the corporate charter were void and that the board of trustees that was in office at the time of the cancellation was the valid board. The court made various rulings, effectively giving control of the day-to-day operations of the corporation to appellees and arranging for a special election of a new board of trustees. Later, the court journalized an entry stating that the orders made at the hearing were to "be given full force and effect." That same day, appellees filed a motion for an order restraining Price and Franklin from acting on behalf of the corporation and declaring that the board of trustees existing in November 1995 was the valid board until its successors were elected.

The trial court subsequently entertained arguments on the various motions for injunctive relief regarding the composition of the board of trustees of the corporation. In an entry dated June 29, 1998, the court granted appellees' motion for injunctive relief and denied appellant's. The court held that the election of board members after the cancellation of the corporate charter but before its reinstatement was void. It further held that the board of trustees in office on November 28, 1995, the date the charter was cancelled, was the valid and lawful board and would remain so until its successors were elected. The court ordered an election of a new board and set forth guidelines for conducting that election. This appeal followed.

■ In its sole assignment of error, appellant states that the trial court erred by declaring that the 1997 election of the board of trustees was void and by declaring the 1995 board to be the lawful board. It argues that under R.C. 1702.60(B), upon reinstatement of the articles of incorporation, the 1997 election had the same force and effect that it would have had if the articles had not been cancelled. We find this assignment of error to be well taken.

■ We first note that appellees argue that the issues raised by appellant are moot because the question of whether the 1997 election is valid makes no difference in light of the 1998 election results. But at the time the judgment appealed from in this case was entered, the elections had not yet been conducted and the results were unknown. We are without jurisdiction to review any judgment or order that is not listed in the notice of appeal. *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674, 676; *Garrett v. Garrett* (1977), 54 Ohio App.2d 25, 27, 8 O.O.3d 41, 42–43, 374 N.E.2d 654, 658; *Smith v. Mercy Med. Ctr.* (Sept. 9, 1983), Clark App. No. 1822, unreported, 1983 WL 4950. We cannot consider matters in the record after the court's June 29,

1998 entry, from which appellant appealed. See *State v. Jones* (Dec. 26, 1984), Hamilton App. No. C–830840, unreported, 1984 WL 7135. Consequently, the issue of mootness is for the trial court to decide.

We turn now to the substantive question raised in this appeal. Pursuant to R.C. 1701.88(A), a corporation that has had its articles of incorporation cancelled does not cease to exist, but instead remains a de jure corporation for the limited purpose of winding up its affairs or obtaining reinstatement of its articles of incorporation. *Columbia Real Estate Title Ins. Co. v. Columbia Title Agency* (1983), 11 Ohio App.3d 284, 286–287, 11 OBR 513, 515–517, 465 N.E.2d 468, 471–472; *Master Realty, Inc. v. Chester Twp. Bd. of Trustees* (Dec. 31, 1996), Geauga App. No. 95–G–1928, 1996 WL 757526, unreported. Some courts have held that if the corporation's articles are never reinstated, any officers or principals who carry out new business that is not for the purpose of winding up the corporation can be held personally liable for the new obligations they incur. See *Nabakowski v. 5400 Corp.* (1986), 29 Ohio App.3d 82, 85–86, 29 OBR 92, 95–97, 503 N.E.2d 218, 222–223; *Chatman v. Day* (1982), 7 Ohio App.3d 281, 283–284, 7 OBR 362, 364–366, 455 N.E.2d 672, 674–675. But, see, *Monteith v. Kline* (June 24, 1992), Summit App. No. 15374, unreported, 1992 WL 150281.

But several courts have also held that when a corporation has its articles reinstated following a period of cancellation, the corporation is a de facto corporation that can continue to operate during the time between cancellation and reinstatement. *Hines v. Cleveland City School Dist. Bd. of Edn.* (C.P.1985), 26 Ohio Misc.2d 15, 18, 26 OBR 348, 351–352, 499 N.E.2d 39, 43; *Master Realty, supra; Benefit Mgt. Consultants, Inc. v. Gencorp, Inc.* (May 22, 1996), Summit App. No. 17488, unreported, 1996 WL 267747; *Howley v. Wythe Parish Home-owners Assn., Inc.* (Oct. 2, 1991), Montgomery App. No. 12506, unreported, 1991 WL 228708; *Thom's, Inc. v. Rezzano* (Nov. 10, 1988), Cuyahoga App. Nos. 54541, 54671 and 56491, unreported, 1988 WL 121021. A de facto corporation possesses all of the power and authority of a de jure corporation and only the state whose laws govern its formation may challenge its actions. *Society Perun v. Cleveland* (1885), 43 Ohio St. 481, 489–490, 3 N.E. 357, 359–360; *Kardo Co. v. Adams* (C.A.6, 1916), 231 F. 950, 968; *Cooper v. Stetler* (June 18, 1981), Cuyahoga App. No. 42885, unreported, 1981 WL 10353. If an organization has held itself out as a corporation, its members and officers are estopped from denying its corporate status. *Callender v. Painesville & H.R. Co.* (1860), 11 Ohio St. 516, 526; *Olde World Travel Agency, Inc. v. Ram Publishing Co.* (Dec. 4, 1986), Cuyahoga App. No. 52306, unreported, 1986 WL 13681.

Further, R.C. 1702.60(A) provides that upon reinstatement of a corporation's articles of incorporation pursuant to R.C. 1702.59, "the rights, privileges, and franchises, including all real or personal property rights and credits and all

contract and other rights, of the corporation existing at the time its articles of incorporation were canceled shall be fully vested in the corporation as if the articles had not been canceled, and the corporation shall again be entitled to exercise the rights, privileges, and franchises authorized by its articles of incorporation."

Subsection (B) of this statute goes on to state that the "exercise of or an attempt to exercise any rights, privileges, or franchises on behalf of the corporation" by an officer, agent, or employee of the corporation has the "same force and effect that the exercise of or an attempt to exercise the right, privilege, or franchise would have had if the corporation's articles had not been canceled," if the action is (1) within the scope of the corporation's articles of incorporation, and (2) the officer, agent or employee has no knowledge that the corporation's articles of incorporation have been canceled. R.C. 1702.60(B)(1)(a) and (b).

■ Finally, subsection (D) specifically states that "[t]his section is remedial in nature and is to be construed liberally to accomplish the purpose of providing full reinstatement of a corporation's articles of incorporation retroactive, in accordance with this section, to the time of the cancellation of the articles." We find this statute to be clear and unambiguous and we must therefore apply it as written. See *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 369, 23 O.O.3d 341, 342, 433 N.E.2d 142, 144; *Seeley v. Expert, Inc.* (1971), 26 Ohio St.2d 61, 71–72, 55 O.O.2d 120, 125–126, 269 N.E.2d 121, 128. We conclude that its broad language shows a legislative intent to validate all actions of the corporation taken during the period from the cancellation of the articles to their reinstatement, as long as the two conditions set forth in subsection (B)(1) are met.

Accordingly, we hold that the trial court erred in holding that all actions taken by the corporation after the cancellation of its articles on November 25, 1995, until their reinstatement on May 11, 1998, were void. The trial court also erred in holding that the lawful board of trustees of Valley Homes was the board in existence at the time of the cancellation. Accordingly, we sustain appellant's assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings. We make no determination of whether the amendment of the code of regulations and the subsequent removal of Price and Franklin from office were valid, since the trial court never determined that issue.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., GORMAN and SUNDERMANN, JJ., concur.