[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error is overruled. The evidence showed that defendants-appellants Raymond C. Becker, Jr., and Caroline Becker ("the Beckers"), husband and wife, established a corporation, represented that they owned fifty-one percent of the stock in exchange for contributing a sole proprietorship to the corporation, sold stock in the corporation upon the representation that the corporation owned the "Games Galore" business, and participated as shareholders, directors and officers of the corporation. Therefore, the Beckers cannot now deny the business's corporate status or that the corporation owned the "Games Galore" business. See Thomas v. Price (1999), 133 Ohio App.3d 585, 729 N.E.2d 585;Mihalca v. Malita (Apr. 12, 2000), Summit App. No. 19395, unreported;Milligan v. B. G. Caps, Inc. (June 30, 1989), Wood App. No. WD-88-37, unreported; Cooper v. Stelter (June 18, 1981), Cuyahoga App. No. 42885, unreported.
The second assignment of error, alleging that the trial court erred in holding the Beckers in contempt of court without a hearing, is overruled. The record reveals that the Beckers failed to produce certain documents and records in violation of the trial court's orders. The magistrate held a show-cause hearing on January 14, 2000, on the issue of whether the Beckers should be held in contempt. The Beckers were given ample opportunity to purge themselves of the contempt by complying with the trial court's orders.
The third assignment of error, which alleges that the trial court erred in finding that Caroline Becker converted corporate assets, is overruled. The evidence showed that Caroline Becker participated with and assisted her husband in the conversion of the corporation's assets and in the failure to return corporate records in defiance of the trial court's orders.
The fourth assignment of error is overruled. "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trial court simply chose to believe the plaintiffs' testimony as to the ownership of the property sold and the reasons for the sale of the merchandise.
The fifth assignment of error, alleging that the trial court's award of damages was erroneous, is overruled. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. The damage award was supported by sufficient evidence. The Beckers' conduct in concealing corporate records made a more precise calculation of damages impossible.
The sixth assignment of error, which alleges that the trial court erred in failing to order the plaintiffs' counsel to withdraw and in awarding attorney fees, is overruled. The magistrate denied the Beckers' first motion to disqualify plaintiffs' counsel on September 22, 1999. No objections were made to that decision pursuant to Civ.R. 53(E)(3). Subsequently, when Raymond Becker's brother, who was a shareholder in the corporation, attempted to hire other counsel to represent the corporation and to dismiss the lawsuit, the trial court ordered the magistrate to determine who represented the corporation. The magistrate determined that Gregory Wilson and Kenneth Hawley represented the corporation, and that any claim that the corporation was or should be represented by other counsel was untimely because the trial had already been concluded. The record supports the magistrate's determinations.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.