This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Bert Falor, has appealed from the order of the Summit County Court of Common Pleas which granted judgment in favor of Appellees, Michael and Marie Buehler, and denied Appellant's motions for judgment notwithstanding the verdict, new trial, and remittitur. We affirm.
Appellees filed a complaint alleging that Appellant's negligence resulted in injuries to Appellees. The jury returned a verdict in favor of Appellees. The trial court entered judgment in favor of Michael Buehler ("Buehler") in the amount of $125,000 and Marie Buehler in the amount of $15,000. Appellant moved for judgment notwithstanding the verdict. In the alternative, Appellant requested a remittitur or a new trial. The trial court denied the motions. Appellant timely appealed raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred by failing to give proper instructions on aggravation and acceleration of a pre-existing condition to the jury.
In Appellant's first assignment of error, he argues that the trial court erred in failing to give his proposed jury instruction on aggravation. We disagree.
In considering whether the trial court should have given a jury instruction, a reviewing court must view the instructions as a whole. Absent an abuse of discretion in the overall composition of the instructions, this court will respect the sound judgment of the trial court. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
The trial court does not commit reversible error if the instructions are sufficiently clear to enable the jury to understand the law as applied to the facts. Atkinson v. Internatl. Technegroup, Inc. (1995),106 Ohio App.3d 349, 365. Generally, the trial court should give jury instructions requested by the parties if they are correct statements of law applicable to the facts of the case and reasonable minds might reach the conclusion sought by the instructions. Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. However, the court need not give a proposed instruction in the precise language requested by its proponent, even if it properly states an applicable rule of law. Youssef v. Parr,Inc. (1990), 69 Ohio App.3d 679, 690. The court retains discretion to use its own language to communicate the same legal principles, and if the court's use of its own instruction correctly states the law pertinent to the issues raised in the case, the court's use of its own instruction will not constitute error. Id. at 690; Atkinson, 106 Ohio App.3d at 365. Furthermore, "[t]he instructions found in Ohio Jury Instructions are not mandatory[, but rather] are recommended instructions based primarily upon case law and statutes[.]" State v. Martens (1993), 90 Ohio App.3d 338,343.
In this case, the front of Appellant's vehicle collided with the rear of Appellees' vehicle while stopped at a stop sign. Following the collision, Buehler experienced pain in his neck and head. Dr. Bradley Weiner, a physician with a specialty in orthopedic surgery, diagnosed Buehler as suffering from a multi-level degenerative disease in the cervical spine. Dr. Weiner testified that the condition was not caused by the auto accident. According to Dr. Weiner, when an individual with such a condition experiences an accident such as the one in question "some damage occurs to the spinal cord at that period of time, and [one] get[s] secondary inflammation and problems that go along with that." Dr. Weiner stated that the neurologic symptoms experienced by Buehler, including pain radiating from his neck, headaches and neurologic findings, were a proximate result of the collision. Buehler underwent surgery in an attempt to alleviate the pain and neurologic symptoms. Dr. Weiner declared that in all likelihood Buehler would not have required the surgery had he not been in the accident.
In light of these facts, Appellant proposed the following instruction, pursuant to Ohio Jury Instructions, section 23.10, with regard to the question of aggravation of a pre-existing condition:
 Aggravation means that a physical condition, already existing, was made worse by this the accident.
 If you find for the Plaintiff, you cannot consider any amount for a pre-existing condition or prior injury, nor for pain or expenses resulting solely from such pre-existing condition or prior injury. However, you will consider and determine an amount for whatever (measurable) aggravation of injury, pain, or expenses you find were proximately caused by this accident. It is the extent of the aggravation for which the Defendant is responsible.
With regard to this issue, the trial court instructed the jury as follows:
 Now, there's been evidence that Michael Buehler had a preexisting degenerative condition. This may have affected the likelihood of injury. This is not the fault of Michael Buehler. The defendant takes the plaintiff as he finds him.
 The damages which can be awarded are determined by the effect of the collision on this plaintiff, whatever his individual circumstances may be. You may not, however, award damages for the degenerative condition, itself.
Whether any given jury instruction is correct must be determined by reference to the substantive law which governs the issues in the case. Thus, "[t]he correctness or incorrectness of an instruction is ordinarily determined by the test whether the rule of substantive law therein stated is correct or incorrect[.]" Clark v. Price (May 22, 1987), Lucas App. No. L-86-187, unreported, 1987 Ohio App. LEXIS 7070, at *6, quoting 70 Ohio Jurisprudence (1986), 447 Negligence Section 232. Consequently, we must look to Ohio case law setting forth the law with regard to aggravation of a pre-existing condition in order to address Appellant's first assignment of error.
It is well settled that one is entitled to damages for the aggravation of a pre-existing condition proximately caused by the negligence of another. Reeg v. Hodgson (1964), 1 Ohio App.2d 272, paragraph three of the syllabus. Specifically, "[w]here the disability of a plaintiff seeking recovery for injuries received in a motor vehicle collision resulted directly and proximately from the combined causes of his prior arthritic condition and the defendant's negligence, he may recover damages from such defendant." Id.
Here, although the emphasis of the court's instruction was slightly different than that requested by Appellant, the substance of the instruction appears to be a correct statement of the law. Significantly, it states that a defendant is not responsible for injuries or damages for the plaintiff's pre-existing condition. Therefore, we conclude that the instruction given by the trial court sufficiently covered the rules of law involved. Consequently, the court's use of its own instruction was not an abuse of discretion. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred in denying Appellant's motion for judgment notwithstanding a verdict, motion for remittitur, and/or motion for new trial.
Appellant contends in his second assignment of error that the trial court erred in denying his motions for judgment notwithstanding a verdict, remittitur and a new trial. Appellant's contention is without merit.
 A. Judgment Not Withstanding the Verdict
Our standard of review on a motion for judgment not withstanding the verdict, pursuant to Civ.R. 50(B), is de novo. Schafer v. RMS Realty
(2000), 138 Ohio App.3d 244, 257; Reitz v. Akron Aerie No. 555 FraternalOrder of Eagles (Nov. 7, 2001), Summit App. No. 20454, unreported, at 5. The evidence must be reviewed in a light most favorable to the non-moving party and where there is substantial evidence to support that side of the case, upon which reasonable minds could reach different conclusions, the motion must be denied. Posin v. A.B.C. Motor Court Hotel (1976),45 Ohio St.2d 271, 275.
In his motion, Appellant argued that the trial court should grant the motion for judgment notwithstanding the verdict because the trial court improperly charged the jury when it did not give an instruction on aggravation. In light of our determination in Appellant's first assignment of error that the instruction given by the trial court sufficiently covered the rules of law involved, we find that the trial court did not err in denying Appellant's motion for judgment notwithstanding the verdict.
 B. Motion for a New Trial
As an alternative to his motion for judgment notwithstanding the verdict, Appellant moved for a new trial. Appellant argued that, pursuant to Civ.R. 59(A)(4), the jury awarded excessive damages under the influence of passion or prejudice. Civ.R. 59 allows a trial court to grant a new trial upon the motion of either party. It provides:
 A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice[.]
Civ.R. 59(A)(4). This court has previously held that the decision to deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. Brooks v.Wilson (1994), 98 Ohio App.3d 301, 304.
The size of a verdict, without more, is insufficient to prove passion or prejudice. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334-335. "There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, an appellate court should "consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury." Dillon v. Bundy (1991), 72 Ohio App.3d 767, 774.
Appellant maintained that the verdict amount of $140,000 was excessive because the evidence supported only a verdict of $50,000. The only justification given by Appellant to explain how the jury might have been enticed to render a verdict under the influence of passion or prejudice is that the court improperly instructed the jury, which resulted in the excessive verdict. However, in light of our determination in Appellant's first assignment of error that the instruction given by the trial court sufficiently covered the rules of law involved, we find that the trial court did not abuse its discretion in denying Appellant's motion for a new trial under Civ.R. 59(A)(4)
 C. Motion for a Remittitur
Appellant also argues that the trial court was required to order a remittitur, or a reduction of the verdict, in the absence of a new trial. When a trial court is faced with a verdict that is excessive as a matter of law, but one that does not appear to be influenced by passion or prejudice, the court may order a remittitur, with the consent of the prevailing party. Lance v. Leohr (1983), 9 Ohio App.3d 297, 298. Neither remedy is required; remittitur is merely an alternative to a new trial, where some remedy is deemed appropriate. Furthermore, as a reviewing court, it is not our place to substitute our opinion for that of the jury. Litchfield v. Morris (1985), 25 Ohio App.3d 42, 44. We review the trial court's decision under an abuse of discretion standard. See Betzv. Timken Mercy Med. Ctr. (1994), 96 Ohio App.3d 211, 218.
Buehler testified as to the pain he experienced in his neck and head as a result of the accident. He also described the pain he continues to feel following the surgery, as well as the physical restrictions he has with regard to his work and his daily activities. Additionally, Dr. Weiner testified as to the medical expenses Buehler incurred as a result of the surgery. The trial court instructed the jury that it could award damages to Buehler for his injuries, pain and suffering, inability to perform usual activities, lost earnings, medical expenses, future medical expenses and pain, and loss of future earning capacity, which occurred as a result of the accident in question. In light of the testimony presented at trial, we find that the jury verdict was supported by the evidence and was not excessive. Therefore, the trial court did not abuse its discretion in denying Appellant's motion for remittitur. Appellant's second assignment of error is overruled.
Appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.