OPINION
Appellant, Nicholas Romansik, appeals from the October 4, 2001 judgment entry of the Trumbull County Court of Common Pleas dismissing his complaint for failure to state a claim upon which relief may be granted.
On March 10, 1980, appellant, in conjunction with appellees, Louis T. Boccia and Richard A. Boccia, and Nestor Stychno, who is not a party to this action, founded Howland-Green Development, Incorporated ("Howland"). Howland owns three parcels of real estate in Howland Township. Appellant holds 44% of Howland's stock, while appellees possess 56%.
The state revoked Howland's charter on December 30, 1996, for non-payment of franchise taxes. On September 29, 1999, appellant filed a complaint for partition of the properties held by Howland. This complaint was assigned case number 99-CV-1785. The state reinstated Howland's charter on December 12, 1999, after the corporation paid its back taxes. On August 14, 2000, appellant filed an amended complaint for partition. Appellant then filed a motion for a declaratory judgment on August 22, 2000.
Appellees filed a motion to strike. On September 14, 2000, appellant filed a brief in response to appellees' motion to strike and requested that the trial court convert the August 22 motion into a separate complaint for declaratory judgment. Although we are unable to find such a judgment entry in the transcript provided, appellant's request was apparently granted, and a separate case number, 2000 CV 1650, was assigned to the complaint for declaratory judgment. Appellees filed a motion for summary judgment on September 21, 2000, in case number 99 CV 1785. On August 17, 2001, the two cases were consolidated by agreement of the parties. The relevant judgment entry stated that "the parties hereto agree that the court may use all the pleadings, motions, affidavits, and briefs filed in both cases to render a judgment on the pending motion for summary judgment and dispose of both cases as one matter."
In its October 4, 2001 judgment entry, the trial court held that, with respect to the declaratory judgment action, Howland was a corporation of good standing from December 30, 1996, onward entitling it to own the properties in question; consequently, appellant had failed to state a cause of action for partition, and his complaint was dismissed. No mention was made in the judgment entry about appellees' motion for summary judgment.
Appellant has filed a timely appeal and makes the following four assignments of error:
 "1. Howland is a close corporation pursuant to [Smitko v. Schiano (1988), 11th Dist. No. 1370, 1988 WL 64771], and [Estate of Schroer v. Stamco (1984), 19 Ohio App.3d 34], and is subject to [R.C.] 1701.91, as to a judicial dissolution, and it is error of law to dismiss the complaint for dissolution solely because the corporation was either de facto or de jure.
 "2. Where a complaint for the judicial dissolution pursuant to [R.C.] 1701.91(A)(2)(A) has been properly filed in the common Pleas court, it is error of law and specifically contrary to [R.C.] 1701.88(B) and 1709.91 for the trial court to rule that the reinstatement of the corporation pursuant to [R.C.] 1701.922 (reinstatement) is retroactive so as to void, nullify, and negate the rights accrued under [R.C. 1701.91] (dissolution).
 "3. Where a complaint for the judicial dissolution pursuant to [R.C.] 1701.91(A)(2)(a) has been properly filed in the common Pleas court, it is error of law for the trial court to rule that the complaint must be dismissed because the de facto corporation had become de jure, when that status is irrelevant as to shareholder rights under [R.C.] 1701.91; the relevant legal issue was whether it was a close corporation pursuant to [Smitko] and [Estate of Schroer], and subject to the [R.C.] 1701.91 dissolution provisions.
 "4. When a de facto corporation has been reinstated as a de jure corporation, it is error of law, and specifically contrary to [R.C.] 1701.88(B) and 1709.91, for the trial court to rule that any actions or proceedings brought against the corporation while it was de facto, are thereby voided, annulled, and abolished upon reinstatement; and further, irrelevant to the main issue."
Appellant's assignments of error will be treated in a consolidated fashion. The first matter that has to be addressed in this case is the nature of appellant's complaint. Appellant has characterized it as a complaint for dissolution. We disagree with this characterization.
Appellant's September 29, 1999 complaint was captioned "Complaint for Partition." The complaint described the disputed properties as being held by appellant and appellees as "tenants in common." The complaint also stated that appellant and appellees had "acquired their interest in the property by dissolution of [Howland]." In short, appellant's original complaint was for the partition of the properties and was premised on the assumption that Howland had already been dissolved.
R.C. 1701.91(B) states that "[a] complaint for judicial dissolution * * * shall set forth facts showing that the case is one of those specified in this section." Pursuant to R.C. 1701.91(A)(2), a common pleas court may judicially dissolve a corporation, in an action brought by holders of shares entitled to dissolve the corporation voluntarily, when one of the following is established: (1) the corporation's articles have been cancelled; (2) the corporation is insolvent; or (3) the objects of the corporation have wholly failed. Although Howland's charter had been revoked by the state for failure to pay franchise tax, appellant's September 29, 1999 complaint failed to aver any of the foregoing three circumstances.
Subsequent to Howland's charter being reinstated, appellant filed his amended complaint of August 14, 2000, which was captioned "Amended Complaint for Partition." In his amended complaint, appellant noted that Howland's charter had been cancelled on December 30, 1996. However, at that point, appellant had no grounds for bringing a complaint for dissolution, because Howland's charter had already been reinstated. Therefore, we conclude that, in spite of his protestations to the contrary, appellant never filed a complaint for dissolution. Rather, he filed a complaint for partition.
R.C. 5307.01 sets forth that the following persons may be compelled to make or suffer partition: "[t]enants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state * * *." Appellant posited in his complaint that he and appellees were tenants in common with respect to the properties at issue; however, that was clearly not the case.
Pursuant to R.C. 1701.88(A), when a corporation's charter is revoked, it does not cease to exist; rather, it "remains a de jure corporation for the limited purpose of winding up its affairs or obtaining reinstatement of its articles of incorporation." Thomas v. Price (1999),133 Ohio App.3d 585, 589; Eleanore Builders, Inc. v. United States ofAm. (N.D.Ohio. 1993), 826 F. Supp. 1111, 1115 ("[i]n Ohio a corporation whose charter is terminated for failure to pay franchise taxes continues to be a corporation"). Here, regardless of whether appellees had ever sought reinstatement of the corporate charter, Howland continued to exist after its charter had been revoked and continued to hold title to the disputed properties. At no point were appellant and appellees tenants in common; the properties were always in the sole possession of Howland. Because Howland, as the sole owner of the properties, could not be compelled to partition, we find no merit in appellant's four assignments of error.
Nevertheless, the trial court erred in dismissing the complaint pursuant to Civ.R. 12(B)(6). As noted previously, in its August 17, 2001 judgment entry, the court stated that it would use all the pleadings, motions, affidavits, and briefs filed in both cases to render a judgment on the pending motion for summary judgment * * *." However, instead of granting appellees' motion for summary judgment, the trial court chose to dismiss the case for failure to state a claim. "In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint." Steiner v. Steiner (1993), 85 Ohio App.3d 513, 518. In the instant case, the trial court stated in its findings of fact and conclusions of law that it rendered judgment "based upon the pleadings, stipulations, admission [sic], and briefs." Clearly, the trial court went beyond the averments of the complaint in ruling upon appellees' Civ.R. 12(B)(6) motion.
When a Civ.R. 12(B)(6) motion to dismiss goes beyond the pleadings, the general rule is that it must be treated as a motion for summary judgment, unless the matters outside the pleadings are excluded by the court. Wickliffe Country Place v. Kovacs, 11th Dist. No. 2000-L-157, 2001 WL 1182853, at 2, 2001-Ohio-4302. Here, the trial court failed to make the necessary conversion, in spite of the fact that appellees had filed a motion for summary judgment.
For the foregoing reasons, the judgment entry of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.