[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant/cross-appellee, Michael R. Cleary, filed a complaint in which he alleged that defendant- appellee/cross-appellant, the city of Cincinnati, had improperly demolished real estate located on Eastern Avenue. He sought compensation for the destruction of the building and for his personal property that was located inside when it was razed. The city filed a counterclaim seeking to recover the demolition costs pursuant to R.C. 715.261 and various provisions of the Cincinnati Municipal Code.
{¶ 3} The trial court granted summary judgment in favor of the city on Cleary's claim for damages related to the destruction of the building on the property. It reasoned that because Cleary had transferred ownership of the real estate to Towne Farm Development Corporation, a Kentucky corporation in which Cleary was the sole shareholder, he was not the owner of the property and did not have standing to bring a claim for damages to the property. The trial court denied the city's motion for summary judgment on its claim for the demolition costs, finding that a genuine issue of material fact existed as to whether the city had provided Cleary with proper notice of the demolition as required by the Cincinnati Municipal Code.
{¶ 4} In lieu of a trial, the parties stipulated to various facts. After reviewing the facts, the trial court granted judgment for the city on Cleary's claim for the loss of his personal property. It stated that there was "no evidence contained in the record that outlines with specificity any personal or construction items left in the house." Also, the evidence showed that Cleary was not authorized to live in the building at the time of the demolition, that he knew the city had ordered that the property be vacated, and that he had received additional time to remove his belongings, which he did not do.
{¶ 5} On the city's claim for demolition costs, the court held that the city had failed to provide notice by certified mail of the hearing on the issue of whether the building was a public nuisance and of the decision to demolish the property, as required by the Cincinnati Municipal Code. Further, the court held that the letters sent by the city were not reasonably calculated to provide notice to the property owner, since the city knew the address it was using was defective. Consequently, the court granted judgment in favor of Cleary on the city's claim for demolition costs. Both parties have appealed the trial court's judgment.
{¶ 6} In his sole assignment of error, Cleary contends that the trial court erred in denying his motion for summary judgment and in granting the city's motion for summary judgment on his claim for damages to the property. He argues that the trial court erred in concluding that he did not have standing to bring a claim for damages to the property. We agree.
{¶ 7} We point out that the city's position, which was adopted by the trial court, is inconsistent. If Cleary does not have standing to pursue his claim because he is not the owner of the property, then he would not be liable for the demolition costs under R.C. 715.261, which only allows the city to recover from the property owner of record.Cleveland v. W.E. Davis Co. (July 18, 1996), 8th Dist. No. 69915;Springfield v. O'Sesco, Inc. (Dec. 28, 1994), 2nd Dist. No. 94- CA-45. The city contends that Cleary could be liable for the demolition costs as a former owner of the property. No authority exists to support that proposition, which could lead to absurd results.
{¶ 8} Nevertheless, that issue is not dispositive of this assignment of error. The record shows that Cleary purchased the property in 1995 and transferred it to Towne Farms in 1997. He testified that the state of Kentucky had cancelled the corporation's articles of incorporation in 1988 for failure to pay franchise taxes, and that he was unaware of the cancellation at the time of the transfer. Both Ohio and Kentucky law provide that a corporation whose articles of incorporation have been cancelled continues to exist only for the limited purpose of winding up its affairs. R.C. 1701.88(A); Thomas v. Price (1999),133 Ohio App.3d 585, 729 N.E.2d 427; Mack Constr. Dev. Corp. v. AustinSmith Constr. Co. (1989), 65 Ohio App.3d 402, 583 N.E.2d 1384; Ky.Rev.Stat.Ann. 271B.14-050; Blackerby v. Monarch Equip. (1953),259 S.W.2d 683. For any action other than winding up its affairs, the corporation is effectively "dead." Weiser v. Julian (1921),15 Ohio App. 171, 1 Ohio Law Abs. 375.
{¶ 9} If the property had been transferred to the corporation before its articles were cancelled, then the transfer would have been valid. Arguably, obtaining compensation for the demolition of the building would have been involved in winding up the affairs of the corporation, and the corporation, as the property owner, would have been the real party in interest to bring a suit. But, in this case, Cleary had transferred the property to the corporation nine years after the cancellation of the articles. This transfer was far too remote to fall under the heading of winding of the corporation's affairs. See BainBuilders v. Huntington Natl. Bank (July 5, 2001), 8th Dist. No. 78442;Kiraly v. Francis A. Bonanno, Inc. (Oct. 29, 1997), 9th Dist. No. 18250. Cleary could not have transferred the property to a corporation that legally did not exist, and, therefore, that transfer was void. SeeBenefit Mgmt. Consultants, Inc. v. Gencorp, Inc. (May 22, 1996), 9th Dist. No. 17488. Consequently, Cleary, individually, was still the owner of the property.
{¶ 10} As the owner of the property, Cleary had a sufficient stake in the outcome of the proceedings to be the real party in interest pursuant to Civ.R. 17(A). He, therefore, had standing to bring a claim for damages to the property itself. See Cleveland v. Shaker Hts. (1987),30 Ohio St.3d 49, 507 N.E.2d 323; Jones v. American Employers Ins. Co.
(1995), 106 Ohio App.3d 636, 666 N.E.2d 1152; Young v. Merrill, Lynch,Pierce, Fenner Smith, Inc. (1993), 88 Ohio App.3d 12, 623 N.E.2d 94. Accordingly, the city was not entitled to judgment as a matter of law on the basis that Cleary was not the real party in interest, and the trial court erred in granting the city's motion for summary judgment. SeeHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,375 N.E.2d 46; Stinespring v. Natorp Garden Stores, Inc. (1998),127 Ohio App.3d 213, 711 N.E.2d 1104.
{¶ 11} As to Cleary's claim for loss of his personal property, Cleary did not demonstrate that he was entitled to judgment as a matter of law on that issue, so the trial court did not err in denying his motion for summary judgment on that issue. See Harless, supra;Stinespring, supra. Further, the trial court did not specifically state in its ruling on the motions for summary judgment whether it was granting or denying the city's motion for summary judgment as to Cleary's claim for loss of his personal property. It ruled on that issue, however, in its final judgment following the "trial" by stipulation. The court held that Cleary had "failed to prove by a greater weight of the evidence his claim against the City for loss of personal property[.]" We agree. Though Cleary specified a few items that he had lost when the property was demolished, he failed to meet his burden to prove the nature and extent of his damages with a reasonable degree of certainty. Broadvue Motors,Inc. v. Maple Hts. (1999), 135 Ohio App.3d 405, 734 N.E.2d 417; Reeg v.Hodgson (1964), 1 Ohio App.2d 272, 202 N.E.2d 310.
{¶ 12} We sustain Cleary's assignment of error as to the issue of damages to the building and the real property. We reverse the trial court's decision granting summary judgment to the city on Cleary's claim for damage to the property itself, and we remand the case to the trial court to consider that claim on the merits.
{¶ 13} In its cross-appeal, the city sets forth a single assignment of error, in which it argues that the trial court erred in denying its motion for summary judgment on its claim against Cleary for the demolition charges. It argues that it sent proper notice to Cleary, who was then the property owner, at the time the property was condemned. It further argues that it did not have to send notice of the demolition to Cleary since he was not the property owner at that time.
{¶ 14} The city's argument fails for several reasons. First, as we have previously held, Cleary was the owner of the property. Second, if the city did not have to provide notice to Cleary because he was not the property owner at the time of the demolition, then it could not recover demolition costs from him. Finally, the trial court held that the city had failed to send proper notice to the corporation, which the city deemed at that time to be the property owner.
{¶ 15} R.C. 715.26 and Cincinnati Municipal Code 1101.57.2 and 1101.57.5 require that notice of a proposed demolition must be sent by certified mail. The evidence did not demonstrate that the city complied with this requirement. Notice of the original condemnation by certified mail did not suffice.
{¶ 16} Further, the trial court held that the letters sent by ordinary mail to the corporation were not reasonably calculated under the circumstances to provide actual notice of the proceedings, since the city continued to send letters by ordinary mail to an address that it knew was defective. See Tulsa Professional Collection Services, Inc. v. Pope
(1988), 485 U.S. 478, 108 S.Ct. 1340; Galt Alloys, Inc. v. Keybank Natl.Assn., 85 Ohio St.3d 353, 1999-Ohio-383, 708 N.E.2d 701; Central TrustCo. v. Jensen, 67 Ohio St.3d 140, 1993-Ohio-232, 616 N.E.2d 873. This decision was supported by competent, credible evidence, and this court will not reverse it. See Seasons Coal v. Cleveland (1984),10 Ohio St.3d 77, 461 N.E.2d 1273; C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
{¶ 17} The city also argues that Cleary had actual notice of the proceedings. But the city bore the burden to provide proper notice. Even if Cleary had actual notice, it did not relieve the city of its burden. See Bank One Cincinnati, N.A. v. Wells (Sept. 18, 1996), 1st Dist. No. C-950279.
{¶ 18} Demolition of a hazardous and unsafe building must be lawfully effected before a municipal corporation can seek to recover costs under R.C. 715.261. Kern v. Chillicothe (Sept. 5, 1997), 4th Dist. No. 96CA2225. Since the city failed to provide proper notice of the proposed demolition, it could not recover the costs of the demolition. The trial court did not err in granting judgment in favor of Cleary on the city's claim for those costs. Accordingly, we overrule the city's assignment of error.
{¶ 19} We affirm that part of the trial court's judgment granting judgment in favor of Cleary on the city's claim for demolition costs, and we reverse that part of the trial court's judgment granting summary judgment in favor of the city on Cleary's claim for damage to the real property. This case is remanded to the trial court for further proceedings on that one damage claim.
{¶ 20} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Winkler, JJ.